# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| AUDREY HOWARD, CARL GANN, EMMA MCDANIEL, and FAITH GANN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 3:17-CV-322<br>) |
| JOHN R. LILLY, Trustee of Land End Investors Trust d/b/a Karns Court Mobile Home Park, WILMA WATSON, and LEA SATTERFIELD, Property Manager | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on Defendant Lea Satterfield's objections [doc. 75] to Plaintiffs' application for a default [doc. 74], and Plaintiffs' motion to dismiss Defendant Satterfield's counterclaim [doc. 78]. For the reasons stated below, Defendant Satterfield's objections to the application for a default [doc. 75] will be sustained, and Plaintiffs' application for a default [doc. 74] will be denied. Further, Plaintiffs' motion to dismiss Defendant Satterfield's counterclaim will be granted.

### I.   Background

On March 13, 2018, Plaintiffs filed a second amended complaint, alleging that they rented a mobile home from Defendants, and thereafter, Defendants failed to maintain the premises in a reasonably safe manner or provide reasonable accommodations for Plaintiff Audrey Howard's disabilities, which required her to use a wheelchair. [Doc. 64 at 3-5].

Plaintiffs allege that Defendants began retaliating against them for their requests for reasonable accommodations, including increasing rent, and threatening Plaintiff Carl Gann regarding lawn maintenance immediately after he received surgery for an amputated thumb. [*Id.* at 8-9]. Plaintiffs raise claims of disability discrimination and failure to provide reasonable accommodation under the Fair Housing Act ("FHA"), associational discrimination under the FHA, discriminatory housing practices under the Tennessee Human Rights Act, violations of the Uniform Residential Landlord & Tenant Act, deceptive practices under the Tennessee Consumer Protection Act, and numerous state common law causes of action. [*Id.* at 17-31].

On April 4, Defendant Satterfield responded to Plaintiffs' second amended complaint. [Doc. 73]. Defendant Satterfield also asserted a counterclaim against the Plaintiffs for attorney's fees and costs associated with defending the litigation, asserting that Plaintiffs' suit was frivolous, and was not brought in good faith. [*Id.* at 34-35].

The same day that Defendant Satterfield filed her answer and counterclaim, Plaintiffs filed an application requesting that the Clerk of Court enter a default against Defendant Satterfield. [Doc. 74]. Attorney James Friauf, representing the plaintiffs, submitted an affidavit stating that Plaintiffs served Defendant Satterfield via the Court's electronic filing system on March 13, and her answer was due on April 3, but she had not pled or otherwise defended within the time permitted, and did not request an extension of time pursuant to the local rules. [Doc. 74-1 at 1].

Defendant Satterfield objects to the application for a default, asserting that she has not failed to plead or otherwise defend this lawsuit, because she filed her answer and

2

counter-complaint 12 hours before the motion for entry of default. [Doc. 75 at 2]. Additionally, Defendant Satterfield asserts that her answer is not untimely, because the Plaintiffs still had not perfected proper service of the second amended complaint upon her, and thus, the time for answering had not started to run. [*Id*. at 2-4]. Defendant Satterfield asserts that attorney Shannon Holland previously appeared on her behalf for the limited purpose of contesting the sufficiency of process, and, because Holland's limited representation was concluded at the time when the second amended complaint was filed, Holland was not the attorney of record[1] for purposes of serving the second amended complaint. [*Id*. at 2-3]. Thus, Defendant Satterfield asserts that Plaintiffs were required to serve her with a paper copy of the second amended complaint, rather than serving Holland through the Court's electronic filing system. [*Id*. at 3]. Defendant Satterfield also argues that, even if she was properly served, the motion for a default should still be denied, as she has answered the second amended complaint, and the interests of justice require a denial. [*Id*. at 4]. She argues that her failure to submit her answer by the deadline of April 3 was not willful, because attorney Holland suffered technological malfunctions, including a power outage, that resulted in the delay in filing the answer and counter-complaint, which otherwise would have been filed on April 3. [*Id*. at 5].

Thereafter, Plaintiffs filed a motion to dismiss Defendant Satterfield's counter-complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. 78]. Plaintiffs allege that the counter-complaint "is a thinly disguised Rule 11 Motion for

---

[1] Holland is now the attorney of record, and indeed, Holland filed this motion on behalf of Defendant Satterfield.

Sanctions." [Doc. 79 at 5]. Plaintiffs also argue that the counter-complaint is factually bereft and fails to identify any plausible legal causes of action entitling Defendant Satterfield to relief. [*Id.*].

Defendant Satterfield responds that her counter-complaint states a claim, and Plaintiffs have not shown that counter-complaint fails to comply with Fed. R. Civ. P. 8. [Doc. 80 at 1]. Defendant Satterfield argues that her counter-complaint relies upon the same statutes and common law that the Plaintiffs raised in their second amended complaint. [*Id.* at 2-3]. Further, Defendant Satterfield states that her counter-claim is not a Rule 11 motion for sanctions. [*Id.* at 4-5]. To the extent that this Court finds that her counter-complaint fails to state a claim, Defendant Satterfield request a reasonable time to amend. [*Id.* at 5].

Plaintiffs reply that Defendant Satterfield's response "fails to raise a single argument in defense of the Counter-Complaint." [Doc. 81 at 1]. Plaintiffs state that unless a statute expressly authorizes an award of attorney's fees, the prevailing litigant is generally not entitled to collect such. [*Id.* at 6]. Plaintiffs' acknowledge that the Sixth Circuit has held that a defendant in a FHA case may recover attorney's fees if the plaintiffs' action was brought in subjective bad faith, or was frivolous, but argue that Defendant Satterfield has not made such a showing. [*Id.* at 8].

## II. Analysis

### A. Default

Federal Rule of Civil Procedure 55(a), states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

4

failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(a)'s "otherwise defend" language is intended to encompass situations in which a party, rather than answering, initially responds with a motion under Rule 12(b). *Hartford Fire Ins. Co. v. CMC Constr. Co., Inc.*, No. 3:06-cv-11, 2008 WL 11342638, at *2, n. 2 (E.D. Tenn. July 23, 2008) (citing *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. July 11, 2000) ("[A]lthough [defendant] did not file an answer to [the] complaint, she did 'otherwise defend' herself with a motion to dismiss for failure to effect service.")).

This Court finds that an entry of default against Defendant Satterfield is not appropriate in this case. Plaintiffs filed their second amended complaint on March 13, 2018. A defendant is required to answer within 21 days of being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Assuming, without deciding, that Defendant Satterfield was properly served with the second amended complaint, which this Court recognizes is a contested issue, Defendant Satterfield had until April 3, 2018 to file an answer. Thus, if Defendant Satterfield was properly served on March 13, through the electronic filing of the second amended complaint, her April 4 answer was untimely by one day. Nonetheless, even operating under this assumption, this Court finds that Defendant Satterfield's one-day delay in filing her answer to the second amended complaint is insufficient to warrant the entry of default against her. Because Defendant Satterfield filed an answer to Plaintiff's second amended complaint, despite her belief that she had not been properly served, she has not "failed to plead or otherwise defend," in this action.

5

Accordingly, this Court will sustain Defendant Satterfield's objections, and deny the application for a default.

## B. Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In resolving a motion under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted) (quoting *Twombly*, 550 U.S. at 570). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (internal quotation marks omitted) (citing *Ass'n of Cleveland Fire Fighters*, 502 F.3d 545, 548 (6th Cir. 2007)).

Absent statutory authority or an enforceable contract to the contrary, under the "American Rule," parties to litigation must bear their own attorneys' fees. *Wilson v. Int'l Bhd. of Teamsters*, 83 F.3d 747, 753 (6th Cir. 1996). The main exception to this rule allows a court to assess attorneys' fees against a party upon a finding that the party willfully abused judicial processes by conduct tantamount to bad faith. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980). Indications of bad faith are "findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1375 (6th Cir. 1987).

The parties have not cited, and this Court is not aware of, any law indicating that a claim for recovery of costs and attorney's fees, based on bad faith, may be raised as a counterclaim. Although Defendant Satterfield may be entitled to costs and attorney's fees, upon a proper showing of bad faith, such a claim is premature at this stage, when this Court has not yet addressed the merits of Plaintiffs' claims. Accordingly, because raising the issue of costs and attorney's fees as a counterclaim would prematurely raise the issue of whether Plaintiffs' claims for relief are meritorious, this Court will grant the motion to dismiss Defendant Satterfield's counterclaim. Additionally, although Defendant Satterfield requests leave to amend her counterclaim, this Court finds that any amendment would be futile, in that any counterclaim for costs and attorney's fees would be premature, no matter how pled. This Court expresses no opinion as to the merits of Defendant Satterfield's claim for costs and attorney's fees, and nothing in this opinion should be construed to limit Defendant Satterfield's right to raise this issue at the appropriate time.

## III. Conclusion

Accordingly, for the forgoing reasons, Defendant Satterfield's objections to the application for a default [doc. 75] will be sustained, and Plaintiffs' application for a default [doc. 74] will be denied. Further, Plaintiffs' motion to dismiss Defendant Satterfield's counterclaim for costs and attorney's fees will be granted. An order consistent with this opinion will be entered.

s/ Leon Jordan
United States District Judge
