UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AUDREY HOWARD, CARL GANN, ) <br> EMMA MCDANIEL, and FAITH GANN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JOHN R. LILLY, Trustee of Land End ) <br> Investors Trust d/b/a Karns Court Mobile ) <br> Home Park, WILMA WATSON, and ) <br> LEA SATTERFIELD, Property Manager, ) <br> ) <br> Defendants. ) | No. 3:17-CV-322 |

## **MEMORANDUM OPINION**

This matter is before the Court on Land End Investors Trust's ("the Trust")[1] objections [doc. 88] to Plaintiffs' application for a default [doc. 86], and the Trust's motion to dismiss for insufficient service of process, pursuant to Fed. R. Civ. P. 12(b)(5) [doc. 84]. For the reasons stated below, the Trust's objections to the application for a default [doc. 88] will be sustained, and Plaintiffs' application for a default [doc. 86] will be denied. Further, the Trust's motion to dismiss [doc. 84] will be denied.

---

[1] Notably, although the original complaint named the Trust as a defendant [doc. 1 at 2], the second amended complaint, which is the operative complaint, names only Mr. Lilly, as Trustee, as a defendant [doc. 64 at 2]. Nonetheless, because Defendant Lilly is a party to this suit in his capacity as Trustee, and because, the parties have so labeled their motions, this memorandum opinion will treat the Trust as the movant for the pending motions.

## I. Background

On March 13, 2018, Plaintiffs filed a second amended complaint, alleging that they rented a mobile home from Defendants, and thereafter, Defendants failed to maintain the premises in a reasonably safe manner or provide reasonable accommodations for Plaintiff Audrey Howard's disabilities, which required her to use a wheelchair. [Doc. 64 at 3-5]. Plaintiffs further allege that Defendants began retaliating against them for their requests for reasonable accommodations, including increasing rent, and threatening Plaintiff Carl Gann regarding lawn maintenance immediately after he received surgery for an amputated thumb. [*Id*. at 8-9]. Plaintiffs raise claims of disability discrimination and failure to provide reasonable accommodation under the Fair Housing Act ("FHA"), associational discrimination under the FHA, discriminatory housing practices under the Tennessee Human Rights Act, violations of the Uniform Residential Landlord & Tenant Act, deceptive practices under the Tennessee Consumer Protection Act, and numerous state common law causes of action. [*Id*. at 17-31].

On May 7, counsel for Defendant Lilly and the Trust, filed a motion to dismiss based on insufficient service of process, pursuant to Fed. R. Civ. P. 12(b)(5). [Doc. 84]. The motion asserts that Plaintiffs attempted service upon the Trustee, Defendant Lilly, on April 13, 2018, which involved a private process server leaving a copy of the *original* complaint, rather than the second amended complaint, with Mr. Lilly at his home. [Doc. 85 at 2]. The Trust asserts that Mr. Lilly passed away on or about April 27, 2018, and Plaintiffs never properly served the Trustee with the second amended complaint. [*Id*.]. The Trust asserts that this Court should quash Plaintiffs' attempted service of process of the original

complaint against the Trustee, because the second amended complaint was the operative pleading. [*Id*. at 2-3]. The same day, the Trust also filed a suggestion of death of Mr. Lilly, the Trustee. [Doc. 83].

The next day, Plaintiffs filed a motion requesting that the Clerk of Court enter a default against Defendant Lilly. [Doc. 86].[2] The Trust filed a response in opposition to the motion for entry of default, arguing that Plaintiffs are on notice that the Trust contests the service of process upon Mr. Lilly, based on their motion to dismiss, which was filed one day prior to the filing of the motion for default. [Doc. 88 at 1]. Thus, because it filed the motion to dismiss, the Trust asserts that it has not failed to plead or otherwise defend. [*Id*. at 2]. The Trust reiterates that Plaintiffs have not properly served the Trust, as they attempted to serve Mr. Lilly with the original complaint, rather than the second amended complaint, and it filed its motion to dismiss even though Plaintiffs have not perfected proper service. [*Id*. at 3]. The Trust asserts that, because Mr. Lilly was never properly served, the motion to dismiss is timely. [*Id*.]. In support of its response, the Trust attaches an affidavit from attorney Shannon Holland, stating that she received the documents that had been served upon Mr. Lilly which were an alias summons and the original complaint. [Doc. 88-1].

Plaintiffs responded to the motion to dismiss, stating that the Trust was served via personal service on Defendant Lilly. [Doc. 89 at 1]. Plaintiffs' counsel states that he provided the process server with the alias summons and second amended complaint for

---

[2] Although the motion alleges that a supporting affidavit is attached, a second copy of the motion was attached instead of the affidavit. [Doc. 86-1].

3

service of process, and Defendant Lilly was served with these documents on April 13, 2018. [*Id*. at 2]. Plaintiffs assert that the Trust's contention that Defendant Lilly was not properly served "is a blatant falsity." Plaintiffs also note that the Trust failed to file the allegedly-served original complaint as an exhibit to their motion, or an affidavit of Defendant Lilly averring that he was served with the original complaint rather than the second amended complaint. [*Id*.].

Plaintiffs provide an affidavit from Ariana E. Mansolino, an associate attorney at counsel's law firm, who stated that she assisted Jane Fixter, a paralegal at the firm, in assembling a service packet for Defendant Lilly. [Doc. 89-1 at 1]. Ms. Mansolino states that she advised Ms. Fixter to print a copy of the second amended complaint for service with the alias summons. [*Id*. at 1-2]. Ms. Mansolino further states that Ms. Fixter asked her to review the completed service packet, and the packet consisted of two copies of the alias summons and a copy of the second amended complaint, with exhibits. [*Id*. at 2].

Plaintiffs also submitted an affidavit from Ms. Fixter, who states that she was assigned the task of assembling a service package for service upon Defendant Lilly, and she specifically confirmed with Ms. Mansolino that the second amended complaint was to be served. [Doc. 89-2 at 1-2]. Ms. Fixter states that she completed the service package, consisting of the alias summons and second amended complaint and mailed it to the process server. [*Id*. at 2]. Before mailing the package, she and Ms. Mansolino carefully reviewed the package. Ms. Fixter states that, after service was complete, the process server, John Nist, contacted her and requested the caption of the matter to complete an affidavit of

4

service, and, in response, she forwarded a copy of the original complaint, because she believed that such document would suffice for Mr. Nists's purposes. [*Id*.].

The Trust replies that the purported affidavits that the Plaintiffs rely upon are not proper, because they do not state that they are made upon the personal knowledge of the affiant. [Doc. 90 at 2]. The Trust states that it could not obtain an affidavit from Mr. Lilly, because he is deceased. [*Id*.]. The Trust's counsel states that she received a copy of the service packet served upon Defendant Lilly from his next of kin, which is attached as Exhibit 1. [*Id*. at 3]. Exhibit 1 appears to be a printed and re-scanned copy of the alias summons and original complaint, all printed from this Court's docket. [Doc. 90-1]. The Trust also attaches an affidavit from Ms. Holland, stating that Defendant Lilly is now deceased, and she received a copy of the documents that had been served upon Mr. Lilly from his next of kin, which included an alias summons, and the Plaintiffs' original complaint. [Doc. 90-3]. Ms. Holland states that the documents attached as Exhibit 1 are the documents that she received from Defendant Lilly's next of kin, and she received no documents from Defendant Lilly or his next of kin entitled "second amended complaint." [*Id*.].

Plaintiffs filed a supplemental response, pursuant to Local Rule 7.1(d), attaching a supplemental affidavit of Ms. Fixter, in response to the Trust's allegation that her affidavit was improper. [Doc. 91 at 2]. In her second affidavit, Ms. Fixter states that the affidavit is made upon her personal knowledge. [Doc. 91-1 at 1]. She reiterates that she was assigned to assemble a service packet to be served on Defendant Lilly, and specifically confirmed that the second amended complaint was to be served with the alias summons.

5

[*Id*. at 1-2]. Contrary to her initial affidavit, Ms. Fixter states that the service package consisted of the alias summons, the second amended complaint, *and* a copy of the initial complaint and exhibits. She states that she specifically and intentionally included a copy of the initial complaint for the convenience of the recipient. [*Id*. at 2]. Ms. Fixter states that she is "completely confident" that the service package contained the second amended complaint. [*Id*.].

## II.    Analysis

### A. Default

Federal Rule of Civil Procedure 55(a), states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(a)'s "otherwise defend" language is intended to encompass situations in which a party, rather than answering, initially responds with a motion under Rule 12(b). *Hartford Fire Ins. Co. v. CMC Constr. Co., Inc.*, No. 3:06-cv-11, 2008 WL 11342638, at *2, n. 2 (E.D. Tenn. July 23, 2008) (citing *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. July 11, 2000) ("[A]lthough [defendant] did not file an answer to [the] complaint, she did 'otherwise defend' herself with a motion to dismiss for failure to effect service.")).

This Court finds that an entry of default against Defendant Lilly, as Trustee, is not appropriate in this case. Plaintiffs filed their second amended complaint on March 13, 2018. A defendant is required to answer within 21 days of being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). The record indicates that Plaintiffs served

6

Defendant Lilly by leaving an "alias summons in a civil action and complaint," with him on April 13, 2018. [Doc. 77 at 1]. Assuming, without deciding, that Mr. Lilly was properly served with the second amended complaint, he had until May 4, 2018 to file an answer. Thus, if Mr. Lilly was properly served on April 13, the motion to dismiss, filed on May 7, 2018, was untimely by three days. Nonetheless, even operating under this assumption, this Court finds that, considering all of the circumstances, the Trust's three-day delay in filing its motion to dismiss the second amended complaint is insufficient to warrant the entry of default against it, through the entry of default against the Trustee. The May 7 motion to dismiss makes clear that the Trust is operating under the good-faith belief that its Trustee was never properly served, and therefore, was not subject to any deadlines that stem from the date of service of process. Additionally, the unfortunate death of Mr. Lilly in the midst of this dispute regarding service further complicates matters. Regardless, counsel for Mr. Lilly and the Trust filed a motion to dismiss Plaintiffs' second amended complaint, and thus, neither Defendant Lilly nor the Trust has "failed to plead or otherwise defend," in this action. Accordingly, this Court will sustain the Trust's objections, and deny the application for a default.

### B. Dismissal for Insufficient of Service of Process

Federal Rule of Civil Procedure 12(b)(5) permits defendants to seek dismissal of a plaintiff's complaint based on the insufficiency of service of process. Fed. R. Civ. P. 12(b)(5); *Phillips v. Tennessee Hotel Supply*, No. 1:04-cv-353, 2006 WL 897985, at *2 (E.D. Tenn. Apr. 4, 2006). The plaintiff is responsible for having the defendants served with a copy of the summons and complaint. Fed. R. Civ. P. 4(c)(1). Failure to serve a

7

copy of the complaint with the summons constitutes improper service, and renders a complaint subject to dismissal pursuant to Rule 12(b)(5). *Phillips*, 2006 WL 897985, at *2. Generally, an amended complaint may be served pursuant to Rule 5 of the Federal Rules of Civil Procedure. *Travis v. Jaguar Cars*, No. 1:08-cv-10, 2008 WL 11342565, at *1 (E.D. Tenn. Oct. 15, 2008). However, "a pleading that asserts 'a new claim for relief against such a party must be served on that party under rule 4.'" *Id*. (quoting Fed. R. Civ. P. 5(a)(2)).

The plaintiff "bears the burden of executing due diligence in perfecting service of process and showing that proper service was made." *Mullins v. Kalns*, No. 99-4031, 2000 WL 1679511, at *3 (6th Cir. 2000). The court may weigh and determine disputed issues of fact on a Rule 12(b)(5) motion. *Baxter Bailey Inv., LLC v. Harrison Poultry, Inc.*, No. 11-3116, 2012 WL 4062771, at *2 (W.D. Tenn. Sept. 14, 2012). To assist the court in determining factual issues, the parties may submit affidavits and exhibits with a motion to dismiss pursuant to Rule 12(b)(5). *Id*. If a defendant is not served within 90 days of a complaint, the court may dismiss the action without prejudice against that defendant or order that service be made within a specific time. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id*.

Counsel for each of the parties here essentially ask this Court to make a credibility determination between them, as each has submitted affidavits from their respective law firms supporting their position as to what documents were or were not served on Mr. Lilly. For the Plaintiffs, Ms. Mansolino and Ms. Fixter, an associate attorney and paralegal at

counsel's law firm, respectively, both assert that the second amended complaint was included within the service packet provided to the service provider who ultimately served it upon Mr. Lilly at his home. On the other hand, counsel for the Trust, Ms. Holland, has submitted her own affidavit asserting that the only document that she received from Mr. Lilly's family that was served on him is a copy of the original complaint, not the second amended complaint. This Court notes that this issue has been complicated by Mr. Lilly's death, as the Trust can no longer obtain an affidavit stating what Mr. Lilly received from the process provider, and Ms. Holland's statement that she has only received a copy of the original complaint, and not a copy of the second amended complaint, from Mr. Lilly's next of kin does not itself prove that Mr. Lilly was not served with the second amended complaint.

     Regardless, even assuming that Mr. Lilly was never served with the second amended complaint, as asserted by the Trust, this Court finds that dismissal of the claims based on what amounts to, at most, a clerical error on the part of Plaintiffs' law firm would be too harsh a result. Accordingly, this Court will exercise its discretion pursuant to Rule 4(m) and deny the motion to dismiss the second amended complaint as to the claims asserted against the Trust. This Court notes that an issue regarding the identity of the new Trustee, after Mr. Lilly's death, is contested, which raises an issue for this Court in establishing an extended deadline for service upon the new Trustee. This Court encourages

the parties to participate in the instant litigation in good faith, and determine the identity of the new Trustee, so that the Trustee may be served, and the instant litigation advanced.[3]

### III. Conclusion

Accordingly, for the forgoing reasons, the Trust's objections to the application for a default [doc. 88] will be sustained, and Plaintiffs' application for a default [doc. 86] will be denied. Further, the Trust's motion to dismiss [doc. 84] will be denied. An order consistent with this opinion will be entered.

s/ Leon Jordan<br>
United States District Judge

---

[3] This Court further notes that a motion to substitute June Lilly, in place of John Lilly, as the "presumptive" Trustee [doc. 92] remains pending. In October, Magistrate Judge Guyton entered an order granting Plaintiffs' motion for expedited discovery, for the limited purpose of discovering the contact information of June Lilly and any other Trustee, so that such individuals may be properly served. [Doc. 96]. This Court has not received any new information from the parties about the identity of the Trustee after Mr. Lilly's death, which is crucial to the motion to substitute.