UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AUDREY HOWARD, CARL GANN, EMMA MCDANIEL, and FAITH GANN, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 3:17-CV-322 |
| JOHN R. LILLY, Trustee of Land End Investors Trust d/b/a Karns Court Mobile Home Park, WILMA WATSON, and LEA SATTERFIELD, Property Manager, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Land End Investors Trust's ("the Trust's") motion to dismiss pursuant to Fed. R. Civ. P. 25 [doc. 103]. For the reasons stated below, the Trust's motion to dismiss [doc. 103] will be denied.

## I. Background

On March 13, 2018, Plaintiffs filed a second amended complaint, alleging that they rented a mobile home from Defendants, and thereafter, Defendants failed to maintain the premises in a reasonably safe manner or provide reasonable accommodations for Plaintiff Audrey Howard's disabilities, which required her to use a wheelchair. [Doc. 64 at 3-5]. Plaintiffs further allege that Defendants began retaliating against them for their requests for reasonable accommodations, including increasing rent, and threatening Plaintiff Carl Gann regarding lawn maintenance immediately after he received surgery for an amputated

thumb. [*Id*. at 8-9]. Plaintiffs raise claims of disability discrimination and failure to provide reasonable accommodation under the Fair Housing Act ("FHA"), associational discrimination under the FHA, discriminatory housing practices under the Tennessee Human Rights Act, violations of the Uniform Residential Landlord & Tenant Act, deceptive practices under the Tennessee Consumer Protection Act, and numerous state common law causes of action. [*Id*. at 17-31].

On May 7, 2018, the Trust filed a motion to dismiss based on insufficient service of process. [Doc. 84]. The Trust asserted that its Trustee, John R. Lilly, passed away on or about April 27, 2018, and Plaintiffs never properly served Mr. Lilly with the second amended complaint, and instead, had served him with the original complaint. [Doc. 85 at 2]. The same day, the Trust also filed a suggestion of death of Mr. Lilly. [Doc. 83].

On July 4, 2018, Plaintiffs filed a motion to substitute party, pursuant to Fed. R. Civ. P. 25(a)(1), requesting that the Court substitute June Lilly "surviving spouse of John R. Lilly, and presumably a co-Trustee of Land End Investors Trust," as a defendant. [Doc. 92]. Plaintiffs also filed a motion for expedited discovery, seeking to serve interrogatories on Defendants Wilma Watson and Lea Satterfield, asking each Defendant to identify all trustees of the Trust. [Doc. 93]. The Trust responded in opposition to the motion to substitute, asserting that: (a) substitution was not proper because the initial party was never properly served; and (b) Plaintiffs had not shown that June Lilly was the surviving spouse of Mr. Lilly or a co-trustee or successor trustee of the Trust. [Doc. 94].

Magistrate Judge H. Bruce Guyton granted Plaintiffs' motion for expedited discovery, allowing the Plaintiffs to serve the interrogatories "to discover June Lilly's

contact information or any other trustee of" the Trust so that Plaintiffs could then "properly serve such individuals with the Complaint and summons." [Doc. 96]. Plaintiffs proceeded to serve Defendants Satterfield and Watson with the proposed interrogatories on October 15, 2018. [Docs. 97, 98].

This Court then denied the Trust's motion to dismiss for insufficient process. [Doc. 101]. This Court concluded that, even if Mr. Lilly was never properly served with the second amended complaint, dismissal of the claims against the Trust would be too harsh a result, and accordingly, the Court exercised its discretion pursuant to Fed. R. Civ. P. 4(m) and denied the motion to dismiss. [*Id*. at 9]. This Court noted that it could not establish an extended deadline for service upon the substitute Trustee, as the parties had not yet identified the substitute trustee. [*Id*.]. The Court stated that it "encourage[d] the parties to participate in the instant litigation in good faith, and determine the identity of the new Trustee, so that the Trustee may be served, and the instant litigation advanced." [*Id*. at 9-10].

Two weeks after this Court's order denying the Trust's motion to dismiss for insufficient process, the Trust filed the instant motion to dismiss, pursuant to Fed. R. Civ. P. 25, or, in the alternative, Fed. R. Civ. P. 12(b)(7). [Doc. 103]. The Trust argues that, pursuant to Rule 25(a)(1), after the death of a party, the Court may substitute the proper party if the motion to substitute is filed within 90 days after service of a statement noting the death of the party. [*Id*. at 1]. However, the Trust argues that, under the Rule, if a motion naming the proper party to be substituted is not filed within this 90-day period, the action against the decedent must be dismissed. [*Id*. at 1-2]. The Trust asserts

that it filed a suggestion of death of Mr. Lilly on May 7, 2018, and, although the Plaintiffs filed a motion to substitute, they have not filed a motion naming the "proper party" to be substituted within the 90-day timeframe. [*Id*. at 2]. The Trust contends that, because the Plaintiffs' motion to substitute did not contain any alternative requests for relief, aside from substituting June Lilly, their motion to substitute did not comply with Rule 25, and therefore, the action against the Trust should be dismissed. [*Id*. at 3]. In the alternative, the Trust asserts that if June Lilly was a co-Trustee, the Plaintiffs were required to name her as a defendant in the previously-filed complaint, and the time to join her as a defendant has expired, therefore, this Court should decline to allow the substitution and dismiss the action pursuant to Rule 12(b)(7). [*Id*.].

The Plaintiffs respond that general discovery has not commenced in this matter, and, while their research indicates that it is likely that Mr. Lilly's surviving spouse is a successor Trustee, they cannot prove such without the benefit of general discovery. [Doc. 106 at 2, 4]. The Plaintiffs note that, in response to their second set of interrogatories, which were intended to assist in identifying the new Trustee, both Defendants Watson and Satterfield stated that Mr. Lilly was the only Trustee of whom they were aware. [*Id*. at 3]. Counsel for the Plaintiffs further notes that, in compliance with this Court's instruction to "participate in the instant litigation in good faith, and determine the identity of the new Trustee," he sent correspondence to counsel for the Trust requesting that counsel identify the new Trustee. [*Id*. at 3-4]. Plaintiffs' counsel states that he received no response, and instead, the Trust filed the instant motion to dismiss. [*Id*. at 4]. Plaintiffs request that the

Court deny the motion to dismiss and set a status conference regarding the identity of the new Trustee. [*Id.*].

The Trust replies that Plaintiffs' response concedes that they cannot prove their motion to substitute, and accordingly, the motion must fail. [Doc. 107 at 1-2]. The Trust further contends that a status conference is not necessary, as all parties know the status of the case, and the request for a status conference is too late, because the 90-day period for filing a motion to substitute the proper party has expired. [*Id.* at 2].

## II. Analysis

Rule 25 of the Federal Rules of Civil Procedure, which governs the substitution of parties, states as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). "The language of Rule 25 is permissive and the decision to substitute a party lies within the sound discretion of the Court." *Watts v. Novartis Pharm. Corp.*, No. 5:08-cv-2354, 2015 WL 1456647, at *4 (N.D. Ohio Mar. 30, 2015) (citing *In re Baycol Prod. Litig.*, 616 F.3d 778, 783 (8th Cir. 2010)). Likewise, whether an action should be dismissed for failure to comply with the 90-day time limit is within the sound discretion of the Court. *Francis v. Francis,* No. 1:90-cv-1235, 1992 WL 57953, at *1 (N.D. Ohio Jan. 7, 1992) (citing *Zeidman v. General Accident Ins. Co.*, 122 F.R.D. 160, 161 (S.D.N.Y. 1988); *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966)).

Shortly after the 1963 amendments to Rule 25, the D.C. Circuit addressed who may be considered a decedent's successor under Rule 25(a)(1), and therefore, the "proper party" for substitution. *Watts*, 2015 WL 1456647, at *5 (citing *Rende v. Kay*, 415 F.2d 983 (D.C. Cir. 1969)). In *Rende*, the defendant died during litigation, and defendant's counsel filed a suggestion of death pursuant to Rule 25(a)(1), but no legal representative was appointed, and the defendant ultimately moved to dismiss for lack of a proper party-defendant. *Id*. The Court concluded that this "tactic" of defendant's attorney would place the burden on the plaintiff "to produce some representative of the estate ad litem, pending appointment of the representative contemplated by the law of the domicile of the deceased." *Id*. (quoting *Rende*, 415 F.2d at 986). Accordingly, the *Rende* Court concluded that a suggestion of death should identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25(a)(1) may be invoked by those who represent the deceased. *Id*.

Contrary to the Trust's assertion, the plain language of Rule 25 does not appear to require that the movant be able to name the proper party to be substituted in their motion for substitution. Rather, the Rule allows the Court to "order substitution of the proper party," and states nothing about the movant being required to name the proper party within the 90-day timeframe to avoid dismissal. Moreover, the Trust has cited no legal authority supporting this contention. To the contrary, case law indicates that courts have been disinclined to accept the "tactic" used by the Trust in this case, to seek dismissal pursuant to Rule 25(a)(1), while at the same time providing no assistance in identifying the proper party to be substituted. Here, the Plaintiffs filed a motion to substitute within 90 days of

the Trust's suggestion of death. [Docs. 83, 92]. In its discretion, this Court concludes that such motion to substitute, which remains pending, was sufficient under Rule 25(a)(1), and the Court will not dismiss the action against the Trust on this ground.

Moreover, this Court concludes that it would be manifestly unjust to dismiss the Plaintiffs' claims against the Trust because they are unable to name the successor trustee for the Trust, when the Plaintiffs have no access to general discovery at this stage of the litigation, which would allow them to discover the identity of the successor trustee. Furthermore, the Court finds that such dismissal would be particularly unjust given the Trust's failure to cooperate in good faith to identify the successor trustee, even after this Court's prior admonishment. The Court reminds the parties that trials on the merits of a case are favored in federal courts, *see United Coin Meter Co. Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983), and the parties' continued attempts to delay or dismiss this action on procedural grounds are not well-taken.

Finally, to the extent that the Trust seeks dismissal under Rule 12(b)(7) for failure to join a party, the Trust cites no law in support of its contention that, if June Lilly was a co-Trustee of the Trust, Plaintiffs were required to name her in the initial complaint. Moreover, even assuming that the Trust's statement, that June Lilly was required to be named in the original complaint, is true, such argument relies on the fact that June Lilly was a co-Trustee of the Trust, which the Trust has contested. Accordingly, the Court finds that dismissal on this ground is not appropriate.

In light of the continuing difficulty in identifying the successor trustee, and the pending motions to substitute [doc. 92] and for an extension of time to file an answer [doc.

105], the Plaintiff's request for a status conference will be granted. The status conference will be held before a United States Magistrate Judge, and the Magistrate Judge's Chambers will contact the parties to schedule the status conference.

## III. Conclusion

Accordingly, for the forgoing reasons, the Trust's motion to dismiss [doc. 103] will be denied. The Plaintiffs' request for a status conference will be granted. An order consistent with this opinion will be entered.

s/ Leon Jordan
United States District Judge